### JOSEPH B. KNOWLES *vs.* JOHN T. BLODGETT.

The common law rule, that one who is disseized of lands cannot so convey them to a stranger to the title that the latter can sue for them in his own name, has no application to a statutory sale by an executor or administrator, to pay debts of the deceased, of lands whereof the deceased died seized.

The personal representative has no seizin and cannot be disseized. He sells under a power which is statutory.

---

A statute made the realty of a deceased liable for his debts if the personalty was insufficient to pay them, prescribed the mode of sale by the personal representative, and provided that the representative's deed should make as good title as the decedent could have given in his lifetime if of full age and sane mind.

*Held,* that an adverse possession of the lands begun after the decedent's death could not affect the personal representative's deed.

TRESPASS AND EJECTMENT. Heard by the court, jury trial being waived.

*February* 19, 1887. DURFEE, C. J. This is trespass and ejectment for a lot of land. The case is tried to the court, jury trial being waived. The plaintiff submits evidence, documentary and other, to show that the land formerly belonged in fee simple to the late Edward P. Knowles, who died in the possession of it, and that the plaintiff became a purchaser of it at an administrator's sale, receiving from the administrator *cum testamento annexo* a deed purporting to convey to him and his heirs all the right, title, and interest which the said Edward P. had at the time of his decease.

One of the defences is that, after the decease of Edward P. Knowles and before the administrator's sale, the defendant became the purchaser, under an execution against one Edward R. Knowles, a son of Edward P., levied on the lot, of all the right, title, and interest of Edward R. in and to the lot, and entered into possession of it under the sheriff's deed, and has remained in possession ever since, claiming it as his own in fee simple, his contention being that Edward R. became the owner after the death of Edward P., the latter being entitled at most only to a life estate. He cites the cases of *Campbell* v. *The Point Street Iron Works*, 12 R. I. 452, and *Burdick* v. *Burdick*, 14 R. I. 574, and, on the authority of them, contends that even if Edward P. was the owner in fee simple when he died, the administrator's deed was ineffectual to convey any legal estate to the plaintiff. The doctrine of the cases cited is the familiar common law doctrine that a disseizee cannot convey the estate of which he is disseized to a stranger to the title, so as to enable him to sue for and recover it in his own name at law. The conveyance by the administrator, however, was not a conveyance at common law, but under the statutes, and we must look to the statutes for its effect. Under our statutes the estate of every person deceased is chargeable with his debts and funeral expenses,

to be paid by his executor or administrator out of his personal estate, if sufficient, and, if not, so far as deficient, out of his real estate, the executor or administrator being required to supply the deficiency, in pursuance of certain prescribed proceedings, by selling the real estate, or some portion of or interest in it; and the statute provides that the deed given by the executor or administrator, in pursuance of such sale, " shall make as good a title to the purchaser, his heirs and assigns, as the testator or intestate, being of full age and of sane mind and memory in his lifetime, might or could have made." Pub. Stat. R. I. cap. 179, § 18. As we understand this provision, it makes the deed of the administrator on the estate of Edward P. Knowles as effectual to convey the real estate sold, the manner of the sale being unimpeached, as if it were the deed of Edward P. Knowles himself, given immediately before his decease, he being then of sane mind and memory; and of course his deed so given would have passed the title so as to enable the grantee to sue for and recover the estate of a subsequent disseizor. The reason why a disseizee cannot make an effectual conveyance is because being dispossessed of the estate by the disseizor, he is deemed to have only a right of entry or of action to recover it, which is not assignable. An administrator, as such, does not have the estate; he has no seizin, and therefore cannot be disseized. He has only a power given him by statute to be exercised for certain purposes in a certain manner, and, if the decedent die seized, to hold that the power can be defeated by any subsequent disseizin would be to hold that the statute itself could be so defeated, which, it seems to us, would be not only against public policy, but absurd; and see Pub. Stat. R. I. cap. 189, § 13.[1] Whether the power would override a disseizin suffered by the de-

---

[1] As follows : —

" SECT. 13. No heir or devisee of any deceased person shall have power, within three years and six months after the probate of the will, or grant of administration on the estate of such person, to incumber or aliene the real estate of the deceased so as to prevent or affect the sale thereof by the executor or administrator, if necessary, as prescribed by law : *provided* that, after the expiration of three years and six months, the heir or devisee may aliene or incumber the same, and the same shall not be liable for the debts of the deceased in the hands of the purchaser thereof or of any other person."

cedent in his lifetime, is rather a different question, which we express no opinion upon, but leave to be decided when it arises.

The defendant raises several objections to the title of Edward P. Knowles, and contends that, at his decease, he had either no title or only a life estate. We think the objections are untenable, and that they do not raise questions of law which are of enough importance to merit an extended discussion. We are of opinion on the evidence before us that Edward P. Knowles died seized of an estate in fee simple.

*Judgment for plaintiff for possession and costs.*

*Edwin Metcalf & Walter F. Angell,* for plaintiff.

*Louis L. Angell & John T. Blodgett,* for defendant.

NOTE. — And see the statement of Story, J., in *Wilkinson* v. *Leland,* 2 Pet. 627, 658, 659: " and the purchaser at the sale, upon receiving a deed from the executor or administrator, has a complete title, and is in immediately under the deceased, and may enter and recover the possession of the estate, notwithstanding any intermediate descents, sales, disseizins, or other transfers of title or seizin."